UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHIRLEY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01751-JPH-KMB |
| | ) | |
| EQUITY PROPERTY MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**I.**
**Granting *in forma pauperis* status**

Shirley Smith's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [3]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Ms. Smith to proceed without prepaying the filing fee, she remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

**II.**
**Order to show cause**

Ms. Smith removed this case from Bartholomew Superior Court. Dkt. 1. It appears that this underlying case is an eviction action in which she is the defendant. Because it does not appear that the Court has jurisdiction over this suit, Ms. Smith shall have until **November 22, 2024** to **show cause** why the case should not be remanded for lack of subject matter jurisdiction and to **file**

1

**a copy of the state court record** that complies with Local Rule 81-2.

Federal courts are of limited jurisdiction, so "district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Congress granted federal courts a statutory basis for jurisdiction primarily over two types of cases: cases "arising under" federal law, 28 U.S.C. § 1331, and cases where the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. 28 U.S.C. § 1332(a). "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot*, 139 S. Ct. at 1746.

Ms. Smith alleges both federal question and diversity jurisdiction. *Id.* at 1–2. Ms. Smith states that the Court has federal question jurisdiction because "the state court's failure to address [her] equitable interest in the lease and property" at issue deprived her of her Fifth Amendment due process rights, and because of the "Department of Justice's ongoing civil antitrust lawsuit against RealPage, Inc." *Id.* at 1. She also alleges that the Court has diversity jurisdiction because she "is a resident of Indiana," Equity Property Management, LLC "is a limited liability company incorporated and headquartered in Illinois," and the amount in controversy exceeds $75,000. *Id.*

When a case is removed to federal court, however, jurisdiction is determined "by looking at the complaint *as it existed at the time the petition for removal was filed*." *United Farm Bureau Mut. Ins. Co. v. Metro. Hum. Rels. Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994). "[F]ederal courts should interpret

2

the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers Inc.*, 577 F.3d 752 (7th Cir. 2009). If at any time the court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

To start, Ms. Smith did not file a copy of the state court record as required by the local rules. S.D. Ind. L.R. 81-2. Without the state court record, including a copy of the original complaint, the Court cannot determine whether there is subject matter jurisdiction. *United Farm Bureau Mut. Ins. Co.*, 24 F.3d at 1014. But even if Ms. Smith provides a copy of the original complaint, it is unlikely that the Court will have subject matter jurisdiction over her claim.

With respect to federal question jurisdiction, the underlying dispute is an eviction action—it is unlikely that Equity Property Management's original complaint itself alleges any violation of federal law or the federal constitution. 28 U.S.C. § 1331. While Ms. Smith, the defendant here, argues that the eviction proceedings involve federal due process, civil rights, and antitrust violations, *see* dkt. 1 at 1–2, the fact that a defendant may raise "a potential federal defense" in response to a plaintiff's state law complaint "is not enough to create federal jurisdiction under § 1331." *Chi. Tribune*, 680 F.3d at 1003.

With respect to diversity jurisdiction, the information in the petition for removal is insufficient to establish diverse citizenship. 28 U.S.C. § 1332. For diversity jurisdiction purposes, the citizenship of an individual is not based on where the individual resides, but on where the individual is a citizen. *Hunter v.*

3

*Amin*, 583 F.3d 486, 491 (7th Cir. 2009).  And "the citizenship of an LLC is the citizenship of each of its members."  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).  For LLCs, parties must "work back through the ownership structure until [reaching] either individual human beings or a formal corporation with a state of incorporation and a state of principal place of business."  *Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017); *Thomas*, 487 F.3d at 534.  Here, Ms. Smith's petition for removal only states where she resides—not where she is a citizen.  Dkt. 1 at 1.  And Ms. Smith only states where Equity Property Management, LLC is registered and where its principal place of business is—not the underlying citizenship of each of its members.  *Id.*  Therefore, Ms. Smith has not provided information sufficient to establish diversity jurisdiction.

Because the "party seeking removal has the burden of establishing federal jurisdiction," *Schur*, 577 F.3d at 758, Ms. Smith shall have until **November 22, 2024** to **show cause** why this case should not be remanded for lack of subject matter jurisdiction.  Also, Ms. Smith shall have until **November 22, 2024** to **file a copy of the state court record** that complies with Local Rule 81-2.  Failure to respond will result in this suit being remanded for lack of subject matter jurisdiction.

Finally, the **clerk is directed** to docket Equity Property Management, LLC as the plaintiff and Ms. Smith as the defendant in this case.

**SO ORDERED.**

Date: 10/23/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHIRLEY SMITH
3263 North Country Brook Court
Columbus, IN 47201