UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUITY PROPERTY MANAGEMENT, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-01751-JPH-KMB ) |
| SHIRLEY SMITH, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR RECUSAL AND REMANDING CASE**

On October 23, 2024, the Court ordered Shirley Smith to file a copy of the state court record that complies with Local Rule 81-2 and to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. Dkt. 6 at 4. She responded by filing a motion for recusal and a response to the Court's show cause order. Dkts. 7, 8. For the reasons below, her motion for recusal, dkt. [7], is **DENIED** and this case is **REMANDED**.

## I.
## Motion for recusal

In her motion for recusal, Ms. Smith argues that the Court's show cause order exhibited a "demonstrated appearance of bias" because the Court ordered the clerk's office to docket Equity Property Management, LLC ("Equity") as the plaintiff and Ms. Smith as the defendant in this removal action. Dkt. 7 at 1–2. She also argues that the Court failed to require Equity's "compliance with Federal Rule of Civil Procedure 7.1," and instead required her to provide the citizenship information for the members of Plaintiff Equity Property Management, LLC ("Equity"). *Id.*

1

These rulings did not exhibit bias against Ms. Smith. The Court ordered Equity to be docketed as the plaintiff and Ms. Smith as defendant because Equity initiated the underlying lawsuit in state court. *See* dkt. 8-2. Flipping the parties on the docket ensured the parties' roles in this case were properly reflected. Doing so also preserved Ms. Smith's ability to seek removal of this case, since only defendants may remove to federal court. *See Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 353 (7th Cir. 2017) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). As to requiring Ms. Smith to provide information about Equity's citizenship, that merely represents her burden at this stage of the case since the "party seeking removal has the burden of establishing federal jurisdiction." *Schur v. L.A. Weight Loss Ctrs. Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

To the extent Ms. Smith disagrees with the show cause order's rulings, adverse rulings alone are not sufficient to demonstrate impermissible prejudice that requires recusal. *See Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996) (finding "no reason for disqualification" when plaintiff's only evidence in support was "that both the judge and magistrate judge ruled against him on several issues"); *Gaines v. White River Env't P'ship*, 6 F. App'x 345, 347 (7th Cir. 2001). Accordingly, her motion for recusal, dkt. [7], is **DENIED**.

## II.
## Order to remand case

In her show cause response, Ms. Smith argues that this Court has subject matter jurisdiction under both federal question and diversity

jurisdiction. For federal question jurisdiction, she argues that her case "presents substantial federal questions under federal antitrust law, consumer protection law, and civil rights law," along with various alleged constitutional violations. Dkt. 8 at 6–7. And for diversity jurisdiction, she states that Equity is an "Illinois-based" corporation while she is an Indiana resident, and that the amount in controversy requirement is satisfied because the "alleged conspiracy and claims under 15 U.S.C. § 3 exceed $75,000." *Id.* at 7.

When a case is removed to federal court, however, jurisdiction is determined "by looking at the complaint *as it existed at the time the petition for removal was filed.*" *United Farm Bureau Mut. Ins. Co. v. Metro. Hum. Rels. Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758. If at any time the court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). The "party seeking removal has the burden of establishing federal jurisdiction." *Schur*, 577 F.3d at 758.

Ms. Smith has not met that burden. For federal question jurisdiction, her response does not address the core of the Court's show cause order: even if she is raising "a potential federal defense" in response to Equity's state-law eviction complaint, that "is not enough to create federal jurisdiction under § 1331." *Chi. Tribune Co. v. Bd. of Trs. of Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012). The filings from the state court record provided by Ms. Smith appear to confirm that Equity's original complaint asserts only state-law

3

eviction claims, not federal claims.  *See, e.g.*, dkt. 8-2 at 5 (summons outlining Equity's eviction claims); *id.* at 17 (affidavit of debt).  And the federal counterclaims that she filed, dkt. 9, after her show cause response also do not create federal question jurisdiction here.[1]  "[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *see also Fed. Deposit Ins. Corp. v. Elefant*, 790 F.3d 661, 667 (7th Cir. 1986) ("[T]he filing of a counterclaim based on federal law . . . does not make the suit removable.").  So, because neither Ms. Smith's federal-law defenses nor her counterclaims are enough here, Ms. Smith has not met her burden of demonstrating federal question jurisdiction.  *See* dkt. 6 at 3.

She also has not met her burden of showing diversity jurisdiction, as she has not provided any new citizenship information about the members of Equity, an LLC, to demonstrate that complete diversity exists in this case.  *See* dkt. 6 at 3–4; *see also Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017).  And to the extent Ms. Smith is a citizen of Indiana,[2] diversity-based removal is barred for an additional reason.  "A civil action otherwise removable solely [based on diversity jurisdiction] may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought."  28 U.S.C.

---

[1] The Court does not address whether these counterclaims comply with Federal Rule of Civil Procedure 13.
[2] Ms. Smith asserts that she is a resident of Indiana.  *See* dkt. 1 at 1; dkt. 8 at 7.  She has provided no reason to doubt that she is also a citizen of Indiana.  Therefore, the Court assumes she is an Indiana citizen.

4

§ 1441(b)(2). This suit was brought in Indiana state court, *see* dkt. 8-2, so Ms. Smith may not remove this case based on diversity jurisdiction. In sum, she has not met her burden of demonstrating diversity jurisdiction.

Therefore, the Court does not have subject matter jurisdiction over this case. Accordingly, this case must be **REMANDED**.

### III.
### Conclusion

Ms. Smith's motion for recusal, dkt. [7], is **DENIED**. This case is **REMANDED** to Bartholomew Superior Court.

**SO ORDERED.**

Date: 1/17/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHIRLEY SMITH
3263 North Country Brook Court
Columbus, IN 47201

Bartholomew Superior Court II
234 Washington Street
Columbus, IN 47201