UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUITY PROPERTY MANAGEMENT, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-01751-JPH-KMB |
| SHIRLEY SMITH, | ) |
| Defendant. | ) |

**ORDER**

The Court remanded this case for lack of subject-matter jurisdiction. Dkt. 11. Afterwards, Defendant Shirley Smith filed three motions: a motion for reconsideration, dkt. [13]; a motion to stay the remand pending appeal, dkt. [15]; and a motion to proceed *in forma pauperis* on appeal, dkt. [20]. For the reasons below, those motions are **DENIED**.

**I.
Motion for reconsideration**

On January 17, 2025, the Court remanded this case for lack of subject-matter jurisdiction. Dkt. 11. On January 27, Ms. Smith filed a motion for reconsideration. Dkt. 13. The Court evaluates Ms. Smith's motion under Federal Rule of Civil Procedure 59(e) because she filed it within twenty-eight days of the Court's remand Order. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 825–26 (7th Cir. 2014).

"Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate

procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). A manifest error occurs when a district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). The rule is not "a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. So, to prevail on her Rule 59(e) motion, Ms. Smith must "clearly establish" that "there is newly discovered evidence or that there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). She has not done so.

In her filings, Ms. Smith does not point to any newly discovered evidence. She describes the "DOJ's lawsuit against RealPage" as new evidence. Dkt. 13 at 2. However, Ms. Smith discussed this lawsuit at length in her initial removal notice. *See* dkt. 1. Thus, this is not evidence newly discovered since the Court's remand Order.

Ms. Smith also has not demonstrated that the Court made a manifest error of law or fact in remanding this case for lack of subject-matter jurisdiction. She argues that she invoked federal jurisdiction under 28 U.S.C. § 1331 by raising federal questions such as antitrust violations, civil rights claims, privacy violations, and Racketeer Influenced and Corrupt Organizations Act claims. Dkt. 13 at 1–2. However, as the Court explained in its remand Order, even if she is raising "a potential federal defense" in response to the

2

state-law eviction complaint against her, that "is not enough to create federal jurisdiction under § 1331." *Chi. Tribune Co. v. Bd. of Trs. of Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012). Accordingly, the Court did not make a manifest error of law or fact in concluding Ms. Smith's claims do not invoke federal-question jurisdiction.

Ms. Smith also argues that she can remove this case under 28 U.S.C. § 1443. A defendant seeking to remove under § 1443 "must first show that her claim involves 'a right under any law providing for . . . equal civil rights.'" *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014) (quoting 28 U.S.C. § 1443(1)). Removal under § 1443 is "limited to those 'rights specifically defined in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 791 (1966)). Conversely, "[m]ore general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Id.* Here, nothing in Ms. Smith's reconsideration motion or the record indicates that her suit implicates rights defined in terms of racial equality. *See, e.g.*, dkt. 13 at 2 ("Defendant's equitable defenses—unconscionability and equitable subrogation—cannot be adjudicated in Indiana small claims court."). Thus, the Court did not make a manifest error of law or fact in declining to allow removal under § 1443.

Accordingly, Ms. Smith's motion for reconsideration is **DENIED**. Dkt. [13].

## II.
## Motion to stay remand pending appeal

Ms. Smith also moves to stay the remand of this case pending appeal. Dkt. 15. She filed this motion simultaneously with a notice of appeal. Dkt. 16.

Ms. Smith invokes Federal Rule of Civil Procedure 62(d) as one basis for the motion. Dkt. 15 at 1. That provision states in relevant part: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). However, that Rule does not apply here. It applies only when a pending appeal is based on an injunction. *Id.* Here, Ms. Smith appeals from the Court's remand Order, which did not involve an injunction. Dkts. 11, 16.

Ms. Smith also invokes the Court's inherent authority as the other basis for her stay motion. Dkt. 15 at 1. The Court has the inherent authority "to stay proceedings where the party seeking the stay would be spared 'hardship or inequity,' the prejudice to the non-movant would be comparatively minor, and the stay would significantly advance judicial economy." *Freed v. Friedman*, 215 F. Supp. 3d 642, 658 (N.D. Ill. 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Ms. Smith is unlikely to face prejudice in state court, as the "state court, 'coequal' with this Court, is 'fully capable' of conducting the litigation and determining the case on its merits." *Lamarr v. Goshen Health Sys., Inc.*, No. 1:23-cv-01173-JRS-MJD, 2024 WL 706909, at *1 (S.D. Ind. Feb.

4

21, 2024) (quoting *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 528 (7th Cir. 2021)). And allowing a stay here would be more likely to prejudice the plaintiff and would not advance judicial economy since it would further delay the remand of this case, over which the Court does not have subject-matter jurisdiction. *See* dkts. 6, 11. For those reasons, the Court will not exercise its inherent authority to stay this case pending appeal.

Accordingly, Ms. Smith's motion for stay pending appeal is **DENIED**. Dkt. [15].

### III.
### Motion to proceed *in forma pauperis* on appeal

Ms. Smith also seeks leave to proceed on appeal without prepaying the appellate fees. Dkt. 20. However, an appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). "Good faith," in the context of § 1915(a)(3), refers to the "more common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). In other words, § 1915(a)(3)'s "good faith" determination is not about the plaintiff's sincerity in requesting appellate review. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). A sincere litigant still lacks objective "good faith" under § 1915(a)(3) if his claim is one that "no reasonable person could suppose to have any merit." *Lee*, 209 F.3d at 1026.

Under this standard, Ms. Smith's request to appeal *in forma pauperis* must be denied. She seeks to appeal the Court's Order remanding this case for

5

lack of jurisdiction. But as explained in the Court's show cause Order, dkt. 6, remand Order, dkt. 11, and denial of reconsideration *supra*, Ms. Smith has not pleaded facts that could support federal jurisdiction. Dkts. 6, 11. The Court was therefore required to remand this case. *See* Fed. R. Civ. P. 12(h)(3); *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015). There is no objectively reasonable argument that Ms. Smith's proposed appeal has merit, so this appeal is not taken in "good faith," and the motion for leave to proceed on appeal *in forma pauperis*, dkt. [20], is **DENIED**.

## IV.
## Conclusion

Ms. Smith's motion for reconsideration, dkt. [13], motion to stay the remand pending appeal, dkt. [15], and motion to proceed *in forma pauperis* on appeal, dkt. [20], are **DENIED**.

**SO ORDERED.**

Date: 3/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHIRLEY SMITH
3263 North Country Brook Court
Columbus, IN 47201